# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| IDB VENTURES, LLC, § § § *Plaintiff*, § § v. § § CHARLOTTE RUSSE HOLDINGS, INC., § § *Defendant*. § | | Case No. 2:17-CV-660-WCB-RSP<br>LEAD CASE |
| IDB VENTURES, LLC, § § § *Plaintiff*, § § v. § § DSW, INC., § § *Defendant*. § | | Case No. 2:17-CV-523-WCB-RSP |

## MEMORANDUM OPINION AND ORDER

Before the Court is <u>Defendant DSW Inc.'s Motion for Judgment on the Pleadings</u>, 2:17-cv-523, Dkt. No. 30. The motion is DENIED.

## BACKGROUND

Plaintiff IDB Ventures, LLC, owns U.S. Patent No. 6,216,139 ("the '139 patent"), which is entitled "Integrated Dialog Box for Rapidly Altering Presentation of Parametric Text Data Objects on a Computer Display." IDB has asserted claims 1, 2, and 19 of the '139 patent against defendant DSW, Inc. 2:17-cv-523, Dkt. No. 1. Claims 1 and 19 are independent claims. Claim 1 recites a method for using a computer system to sort and display text data objects comprising five steps. Claim 2 depends from claim 1 and adds an additional step. Claim 19 is similar to

claim 1 except that it recites a computer memory storage device encoded with a computer program for using a computer system to sort and display text data objects comprising certain features, which are claimed in means-plus-function form.

Claim 1 provides as follows:

> 1. A method for using a computer system to sort and display text data objects, comprising the steps of:
>    a. imaging, on a display device controlled by the computer system, a query dialog box,
>    wherein the query dialog box displays each of a plurality of parameters associated with each of the text data objects, forms a plurality of spaces for listing values associated with each displayed parameter, and further forms a space for selecting a sort order;
>    b. designating, for each displayed parameter, a parameter value;
>    c. constructing a sort order from the displayed parameters in the space for selecting a sort order;
>    d. selecting, using the computer system, text data objects satisfying the designated values; and
>    e. sorting, using the computer system, the selected text data objects according to the constructed sort order.

Claim 2 adds the step of "imaging on the display device controlled by the computer a list of the sorted text data objects." Except for being directed to an apparatus rather than a method, the preamble and the five means-plus-function limitations of claim 19 correspond closely to the five steps of claim 1.

DSW has filed a motion under Fed. R. Civ. P. 12(c) to dismiss IDB's complaint on the pleadings. DSW contends that the complaint on its face fails to allege infringement of the '139 patent. In particular, DSW argues that "the plain language of the '139 patent requires a query dialog box that allows a user to both search and sort the search results based on the <u>same</u> parameters," 2:17-cv-523, Dkt. No. 30, at 1, while IDB's allegations assert that DSW's website for online shopping uses different parameters for searching and for sorting the search results. Accordingly, DSW asserts that "this is one of those rare instances where Plaintiff's own

allegations conclusively demonstrate that the defendant does not infringe the asserted patent." Id.

**DISCUSSION**

The Court denies DSW's motion on the ground that DSW's argument depends on a claim construction issue that is not as clear-cut as DSW suggests and cannot be decided based on the limited showing made in the motion.

The thrust of DSW's motion is that the asserted claims of the '139 patent require that the "displayed parameters" from which the patented invention constructs the "sort order" in "the space for selecting a sort order" in limitation (c) must be the same as the "plurality of parameters associated with each of the text data objects" in limitation (a) for each of which a parameter value is designated in limitation (b). Because DSW's website contains different parameters for constructing the sort order from the search parameters that are displayed in the query dialog box and are associated with each of the text data objects, DSW contends that the asserted claims, on their face, do not read on DSW's system.

In the Court's view, the matter is not so simple. The claims contemplate that the query dialog box will contain a plurality of parameters associated with each of the text data objects. A "sort order" will then be constructed from "the displayed parameters in the space for selecting a sort order." Claim 1(c). DSW argues that the term "the displayed parameters" in claim limitation 1(c) must refer to the "plurality of parameters" recited in claim limitation 1(a). 2:17-cv-523, Dkt. No. 30, at 3–4. DSW also argues that the prosecution history of the '139 patent requires that the claims be read in that manner. Id.

The problem is that the words "the displayed parameters in the space for selecting a sort order" in limitation 1(c) do not necessarily refer back to the antecedent "plurality of parameters"

3

in limitation 1(a). Rather, the "displayed parameters in the space for selecting a sort order" in limitation 1(c) can be understood to refer to a distinct set of displayed parameters, to wit, the displayed parameters that are found "in the space for selecting a sort order."

There is some support in the specification for that interpretation of the claim language. Column 3, lines 14–23 contain a summary of the invention, which states, in pertinent part, as follows:

> The Query dialog box displays each of a plurality of parameters that have previously been named by the user and associated with text data objects, and provides a space under each displayed parameter. The space under each parameter displayed in the Query dialog box permits the user to view the possible values for that parameter held by text data objects, and to assign to that parameter a value. The Query dialog box also displays a list of parameters and prompts the user to construct a sort order from that list of parameters.

That description of the invention at minimum leaves open whether the "list of parameters" from which the user constructs a sort order must be the same as the parameters previously "named by the user and associated with text data objects."

Similarly, the Detailed Description of the Preferred Embodiments refers to the "Query dialog box displaying parameters associated with each of the text data objects," and to "a list of parameters for selecting a sort order." '139 patent, col. 5, ll. 34–37. Again, that language, at minimum, does not appear to require the construction that DSW urges, i.e., that the list of parameters for selecting a sort order must be identical to the parameters displayed in the query dialog box for selecting the text data objects.

DSW argues that during the prosecution history the patentee disclaimed systems such as DSW's, in which the sorting parameters differ from the parameters displayed in the query dialog box. DSW has not, however, provided the Court with any of the submissions made to the examiner, the examiner's rejections, or the prior art on which the examiner relied. The only

4

portion of the prior art that DSW has provided to the Court is the August 30, 2000, decision of the Board of Patent Appeals and Interferences, in which the Board overturned the examiner's rejection of the application based on a prior art publication by Microsoft. 2:17-cv-523, Dkt. No. 30-1. The Board explained that the applicant had distinguished the Microsoft reference, and that in the Microsoft reference "the parameters designated by the examiner are not parameters upon which a sort is based as required by the claimed invention." Id. at 8.

While DSW asserts that the applicant's position necessarily disclaimed any argument that the claims could reach a system such as DSW's, where the sorting parameters differ from the displayed parameters, the language of the Board's decision is not so clear in that regard. The applicant's argument that the Board adopted, as summarized by the Board, was simply that the Microsoft reference "does not enable a user to designate parameter values and to select a sort order within a single dialog box." Id. at 6. This appears to refer to the location, not the contents, of the sorting parameters. Without the context of the applicant's submission to the examiner, the language of the examiner's rejection, and the text of the prior art reference, the Court is unable to make the case-dispositive determination that the Board's opinion reflects a disclaimer of claim scope sufficient to defeat IDB's claims.

Accordingly, the Court concludes that DSW's motion to dismiss must be denied, as the dispositive question of claim scope must await claim construction on more complete briefing by the parties.

IT IS SO ORDERED.

SIGNED this 16th day of July, 2018.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE